UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL L. DUNAWAY,

           Plaintiff,

-against-

VIRGINIA C. COLLINS,

           Defendant.

22-CV-5823 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging violations of "The Fourteenth Amendments of the Constitution of The United States of America, Tort Laws, Emotional Harm and Distress, Malicious Prosecution and False Imprisonment." By order dated August 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court now dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Mamaroneck, New York, brings this action against Virginia C. Collins, Acting Justice for the Village of Mamaroneck. He asserts that Acting Village Justice Collins, who presided over an action pending in the Village of Mamaroneck Justice Court, "willingly & knowingly imposed an unconstitutional bail condition banning me from my home, my Village & Town of Mamaroneck and incarcerated me based on her unconstitutional bail condition." (ECF No. 2 at 4.)

Plaintiff alleges that on July 11, 2019, Defendant "imposed a bail condition ordering me to move out of my home by 5:00PM that day; she also barred me from entering my home, my

home Village and Town of Mamaroneck violatting [sic] my constitutional rights." (*Id.*). He alleges further that on August 14, 2019, he "was arrested by the Village of Mamaroneck Police Dept. for violating Judge Collins' unconstitutional bail condition," and that he "spent the night and following morning in the local jail." (*Id.*) Plaintiff also alleges that "[o]n August 15, 2019, Acting Village of Mamaroneck Justice Virginia C. Collins ordered I be remanded to Westchester County Jail for violating her unconstitutional bail condition." (*Id.*)

Plaintiff seeks monetary damages.

## DISCUSSION

### A.  Judicial Immunity

Plaintiff's claims against Acting Village Justice Virginia C. Collins must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are

3

considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that Acting Village Justice Virginia C. Collins acted beyond the scope of her judicial responsibilities or outside of her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Acting Village Justice Virginia C. Collins for "acts arising out of, or related to, individual cases before her," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Acting Village Justice Virginia C. Collins under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.     Possible Claims Against Jail Officials**

Plaintiff, who asserts that he is a diabetic requiring blood sugar monitoring via an electronic glucose monitoring system that attaches to his body, alleges in the Injuries section of his complaint that officials at the local jail confiscated his glucose monitoring machine and "did not know how to treat, monitor or control my diabetes." (ECF No. 2 at 5.) To the extent that Plaintiff wishes to pursue claims against officials at the jail, he may file a new civil action in this court. Plaintiff is advised that any new action he files must be accompanied by either the $402.00 in filing fees required to file a civil action in this Court or a completed and signed request to proceed IFP. If Plaintiff needs legal advice related to this matter, he may contact the New York

Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff may file a new civil action if he wishes to pursue claims against jail officials.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 19, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

5